JED RUBENFELD
NY Bar # 2214104
1031 Forest Rd.
New Haven, CT 06515
Telephone: (203) 432-7631
E-mail: jed.rubenfeld@yale.edu

Attorney for Plaintiffs American Values 24 and Jessica Reed Kraus

DEIRDRE L. GOLDFARB
California State Bar No. 239396
330 S. Spalding Dr., Apt 105
Beverly Hills, CA 90212-3612
Telephone: (310) 756-3164
E-mail: dgoldfarblaw@gmail.com

Attorney for Plaintiff American Values 2024

RICHARD JAFFE, ESQ.
California State Bar No. 289362
428 J Street, 4th Floor
Sacramento, California 95814
Tel: (916) 492-6038
E-Mail: rickjaffeesquire@gmail.com

Attorney for Plaintiffs Robert F. Kennedy, Jr. and Jessica Reed Kraus

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ROBERT F. KENNEDY, JR., AMERICAN VALUES 2024, and JESSICA REED KRAUS,<br>   *Plaintiffs*,<br>-v.-<br><br>META PLATFORMS, INC., FACEBOOK OPERATIONS, LLC, INSTAGRAM, LLC, MARK ZUCKERBERG, and JOHN DOES 1-10,<br>   *Defendants*. | **Case Number:** 3:24-cv-02869-WHO<br><br>**PLAINTIFFS' MEMORANDUM OPPOSING DEFENDANTS' MOTION TO FILE SUPPLEMENTAL EVIDENCE**<br><br>**Date: August 28, 2024**<br>**Time: 2:00 PM**<br>**Courtroom: 2, 17th Floor** |

**PLAINTIFFS' MEMORANDUM
OPPOSING DEFENDANTS' MOTION TO SUBMIT NEW EVIDENCE**

Defendants' "administrative" motion to file a new declaration should be denied. Defendants had two weeks to explain why hundreds of pro-Kennedy posts were being blocked on Meta platforms, but they did not do so. Although they submitted hundreds of pages of argument and evidence, they could not and did not rebut the fact that Defendants have been suppressing speech urging people to vote for Mr. Kennedy. Now, with the scheduled hearing just four days away, recognizing the weakness of their position after the preliminary injunction motion was fully briefed, evidenced, and submitted, Defendants are in essence trying to file a sur-reply with new evidence, which this Court's rules do not countenance:

> First of all, Civil Local Rule 7-3(d) provides that, "[o]nce a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval," except to object to reply evidence or to provide a statement of recent decision. Neither exception applies here. Second, while "new" evidence may be grounds to file an amended complaint, the Court does not find that Plaintiffs have demonstrated "good cause" otherwise warranting a sur-reply. *See, e.g.*, *Hall v. City and County of San Francisco*, 2017 U.S. Dist. LEXIS 191789, 2017 WL 5569829, at *4 (N.D. Cal. Nov. 20, 2017) (denying plaintiff's request to file sur-reply where defendant's reply did not raise new arguments or evidence). Indeed, Plaintiffs do not argue that Defendant's reply serves as a basis for the proposed sur-reply, but instead "extensive new facts" arising from discovery. New evidence is not appropriately submitted in a sur-reply.

*AdTrader, Inc. v. Google LLC*, No. 17-cv-07082-BLF, 2019 U.S. Dist. LEXIS 34207, at *2 (N.D. Cal. Mar. 4, 2019); *see also, e.g.*, *Rodgers v. Chevy's Restaurants, LLC*, No. C13-03923 HRL, 2015 U.S. Dist. LEXIS 22164, at *16 (N.D. Cal. Feb. 24, 2015) (denying motion for leave to file sur-reply containing new evidence because it is "impermissib[e] [] to present new evidence" in a sur-reply).

Defendants' artfully worded justification for their improper submission should not be credited. Defendants say that determining the basis for Meta's censorship of a given post can be

1

"time-intensive" and can take "multiple hours," but Defendants were given "multiple hours"—they had two weeks. Nowhere do Defendants assert it would have been impossible or even difficult, in the two weeks following Plaintiffs' motion, for them to create the evidence they are now trying to put before the Court. Nowhere in their original response papers did Defendants say they didn't have time to investigate fully, or that they were still conducting their investigation, or that there was any difficulty at all in determining why hundreds of pro-Kennedy posts were being blocked. If there had been such difficulty, Defendants should have asked the Court for extra time, so that Plaintiffs would not be deprived of their right of reply. As the Northern District of California stated in *Rodgers* (rejecting a similar effort to submit a supplemental declaration):

> Here, the filing of Altwal's supplemental declaration is improper. First, Plaintiff attempts submit new facts in support of the surreply, meaning that Defendants are unable to respond to this new evidence. This is equivalent to raising new facts in a reply brief, which is not permitted. A court may strike new evidence raised for the first time in a reply. *Roe v. Doe*, No. C 09-0682 PJH, 2009 U.S. Dist. LEXIS 59440, 2009 WL 1883752, at *5 (N.D. Cal. June 30, 2009).
> … Plaintiff argues that he could not have disclosed Altwal's opinions by the October 17, 2014 deadline because Altwal did not conduct a supplemental inspection of the Chevy's Restaurant until December 30, 2014. ***However, Plaintiff should have, but did not, ask for an extension of time to provide an initial report.***
> Defendants would be prejudiced by the admission of Altwal's supplemental declaration into evidence. Defendants have not had the opportunity to respond to the evidence and argument that Plaintiff raises for the first time on surreply ….
> Plaintiff's administrative motion for leave to file surreply is denied because Plaintiff impermissibly attempts to present new evidence [through] Altwal's accompanying supplemental declaration.

*Rodgers*, 2015 U.S. Dist. LEXIS 22164, at *13-16 (emphasis added); *see also, e.g.*, *Synopsys, Inc. v. Siemens Indus. Software*, No. 20-cv-04151-WHO, 2021 U.S. Dist. LEXIS 65099, at *6 n.2 (N.D. Cal. Apr. 2, 2021) (Orrick, J.) (denying leave to file sur-reply where other party had not raised new arguments or presented new evidence in reply); *Opticurrent, LLC v. Power*

*Integrations, Inc.*, No. 17-cv-03597-WHO, 2018 U.S. Dist. LEXIS 215907, at *54 (N.D. Cal. Dec. 21, 2018) (Orrick, J.) (same).

  What happened here is pretty clear.  As Plaintiffs pointed out in their Reply, Defendants wholly failed in their response papers to rebut the core allegations of this case. Now, without affording Plaintiffs their proper right of reply, Defendants are scrambling to retroactively create factual confusion about their suppression of speech urging people to vote for Mr. Kennedy.[1] This Court should not permit them to do so.

Respectfully Submitted,

DATED: August 26, 2024

   _____*-s-*_____
   DEIRDRE L. GOLDFARB
   California State Bar No. 239396
   330 S. Spalding Dr., Apt 105
   Beverly Hills, CA 90212-3612
   Telephone: (310) 756-3164
   E-mail: dgoldfarblaw@gmail.com
   Attorney for Plaintiff AV24


   _____*-s-*_____
   JED RUBENFELD
   NY Bar # 2214104
   1031 Forest Rd.
   New Haven, CT 06515
   Telephone: (203) 432-7631
   E-mail: jed.rubenfeld@yale.edu
   Attorney for Plaintiffs American Values 2024
   and Jessica Reed Kraus

---

[1] For avoidance of doubt, Mr. Kennedy's recent announcement that he is withdrawing from the ballot in certain "swing" states, while remaining on the ballot and seeking people's vote everywhere else, does not moot this case. Mr. Kennedy remains a presidential candidate; his gaining 5% of the national vote would have important legal consequences; and Americans all over the county have every right to express support for him and to urge people to vote for him.

1
2
3   _____-*s*-_____
    RICHARD JAFFE, ESQ.
4   California State Bar No. 289362
    428 J Street, 4th Floor
5   Sacramento, California 95814
    Tel: 916-492-6038
6   Email: rickjaffeesquire@gmail.com
    Attorney for Plaintiffs Robert F. Kennedy, Jr. and Jessica Reed Kraus
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

4

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 26, 2024, the above PLAINTIFF'S MEMORANDUM OPPOSING DEFENDANTS' MOTION TO FILE SUPPLEMENTAL EVIDENCE was filed with this Court via the CM/ECF system, which will send notice of said filing to all counsel of record.

Dated: August 26, 2024

_____*-s-*_____
DEIRDRE L. GOLDFARB
California State Bar No. 239396
330 S. Spalding Dr., Apt 105
Beverly Hills, CA 90212-3612
Telephone: (310) 756-3164
E-mail: dgoldfarblaw@gmail.com
Attorney for Plaintiff AV24